SAVOY, Judge.
Plaintiff instituted this suit against defendant for a money judgment in the amount of $2,000.00, plus interest at the rate of 8% per annum from February 16, 1962, and attorney’s fees of 15% on the aggregate of principal and interest due, subject to a credit of $600.00 paid on October 10, 1962. It is alleged that on February 16, 1962, plaintiff loaned defendant $2,000.00 in order that defendant could in turn loan the money to a third person, namely Alexander Sas Jaworsky, and in exchange therefor, the defendant received a note signed by Sas Jaworsky in the amount of $2,000.00, bearing interest at the rate of 8% per an-num from date and providing for attorney’s fees of 15%. Plaintiff alleged that Sas Jaworsky paid him $600.00 on October 10, 1962, and that this payment was credited on the loan made to defendant. It is further alleged that when Sas Jaworsky failed to pay the balance of the note, defendant filed suit in Vermilion Parish and obtained judgment on. the note. Plaintiff alleged there was an agreement between the plaintiff and defendant that plaintiff was to own, and/or exercise control over the note held by defendant, which was signed by Sas Jaworsky, or in lieu thereof, the judgment obtained in the Vermilion Parish lawsuit, and in effect, asked to be declared the owner of this judgment against Sas Jaworsky. However, the prayer of plaintiff’s petition simply asks for a money judgment against defendant.
The defendant filed an answer alleging he had loaned the money to Sas Jaworsky, and denying the pertinent allegations of plaintiff’s petition. It is further alleged that defendant is a plaintiff in a third party action against the plaintiff, Pierre LeBlanc in a proceedings filed in St. Martin Parish, and that this suit by plaintiff is filed solely for the purpose of harassment; that the defendant is in no way obligated to plaintiff, but on the contrary, the plaintiff is indebted to defendant for several thousand dollars. It is alleged that plaintiff has borrowed money from defendant and/or has requested and received endorsements by defendant to aid plaintiff in borrowing money from third parties. Defendant also filed a reconventional demand alleging that Sas Jaworsky paid plaintiff $600.00 on the claim of defendant on the note, and that this collection was made without the authority of defendant. Defendant prayed for judgment against plaintiff in the amount of $600.00. Plaintiff then filed an answer denying the allegations of the re-conventional demand.
At the trial of the case, plaintiff moved for an amendment of the pleadings to show that plaintiff loaned $1,000.00 in cash to defendant on February 16, 1962, so that defendant could in turn loan it to Sas Jawor-sky; that defendant loaned $2,000.00 to Sas Jaworsky and received a $2,000.00 note from Sas Jaworsky; that plaintiff made a surety type of agreement guaranteeing payment of this note; that when the note matured one year later defendant called upon plaintiff to pay the balance of the note; that at the time defendant was renting two night clubs from plaintiff for a total of $500.00 per month, and plaintiff honored the surety agreement by allowing the de *195 fendant credit for rentals on the night clubs for the months of March and April of 1963, and that this allowance constituted the balance of the consideration on the $2,000.00 note. The amendment was allowed over the objection of defendant, who then made an oral answer to the amendment denying its allegations, and further answering that defendant had always paid plaintiff all sums accruing as rentals on the two night clubs without regard to the promissory note or any other transaction in connection therewith.
After trial on the merits, judgment was entered in favor of defendant, rejecting plaintiff’s demand, at his costs, and further granting judgment in favor of defendant as plaintiff in reconvention, and against plaintiff, in the amount of $600.00, with legal interest from January 17, 1966. From this judgment plaintiff filed an appeal to this Court.
Plaintiff maintains that the evidence shows he advanced the consideration for the $2,000.00 note signed by Sas Jaworsky, and that he is entitled to judgment as prayed for in his original petition. It is maintained that the district court erred in refusing to allow the testimony of Mr. Lucien C. Bertrand, Jr., since he was the attorney for both parties who was contacted to institute the suit in Vermilion Parish on the $2,000.00 note signed by Sas Jaworsky and was familiar with the agreement between the parties as to the ownership of the note. Plaintiff asks this Court to reverse the judgment of the district court and to remand the case for the taking of the testimony of Mr. Lucien C. Bertrand, Jr. in connection with his knowledge of the transaction which forms the basis of this suit between the parties.
The defendant maintains that the evidence supports the findings of the district court that defendant had put up the entire consideration given for the $2,000.00 note signed by Sas Jaworsky, and that plaintiff had no interest in the note whatsoever. Defendant refers to the testimony of plaintiff under oath in the Vermilion Parish lawsuit, wherein plaintiff testified that the $2,000.00 note signed by Sas Jaworsky was owned entirely by defendant, and urges that the case should not be remanded for retrial in the district court, since, in order to do so, the Court would have to disregard contradictory positions of the party asking for the remand.
The record shows that the Honorable Lucien C. Bertrand, Jr., district judge of the 15th Judicial District Court, who was then an attorney practicing in Lafayette, was called to testify at the trial of this case on behalf of plaintiff. He testified that he represented both parties from time to time. He stated he did not recall exactly whether plaintiff first discussed the matter with him or whether defendant first discussed it with him, or whether both of them discussed it with him. However, he was familiar with a previous transaction between the parties and Sas Jaworsky, and that someone brought him the note and asked him to make demand and file suit against Sas Jaworsky. He testified that judgment was obtained, but there was no collection on the judgment to his knowledge. Plaintiff’s attorney questioned Mr. Bertrand as to the agreement, if any, existing between the parties, pertaining to the ownership of the note signed by Sas Jaworsky and the judgment obtained in Vermilion Parish, Louisiana. Defendant’s attorney objected to this testimony, and the district court refused to allow any evidence in this connection on the grounds that it was a confidential communication between attorney and client, inasmuch as the record showed that Mr. Bertrand was the attorney of record for the defendant, C. J. Broussard, in the Vermilion Parish case.
The plaintiff also testified that at all times Mr. Lucien C. Bertrand, Jr. was aware of the agreement concerning the ownership of the note and the judgment obtained thereon, and that he had represented both parties in connection with the transaction. The defendant admitted that *196 plaintiff had maintained possession of the note at all times and was the one who took the note to Mr. Bertrand for suit. The record in the Vermilion Parish case shows that defendant was named as Payee on the note signed by Sas Jaworsky, and the court in that case gave judgment for C. J. Broussard and against Sas Jaworsky for the balance due on the note.
We agree with counsel for appellant that the district judge erred in refusing the testimony of Mr. Bertrand.
The general rule of law as to privileged communication between attorney and client is set forth in LSA-Civil Code Article 2283 which states:
“No attorney or counsellor at law shall give evidence of any thing that has been confided to him by his client, without the consent of such client; but his being employed as a counsellor or attorney, does not disqualify him from being a witness in the cause in which he is employed.”
However, in the instant case the above rule of law is not applicable since the record reflects that both plaintiff and defendant consulted with attorney Bertrand.
The general rule in this situation is found in 97 C.J.S. Witnesses § 281, and § 283e, which read as follows:
Section 281. “The testimony of an attorney as to a transaction in which two or more parties consult him, for their mutual benefit, is not privileged in an action between such parties or their representatives involving such transaction; * * * »
Section 283e. “The attorney-client privilege pertains to the subject matter, and not to the fact, of the employment as attorney, so that ordinarily the identity of the attorney’s client, or the name of the real party in interest, and the terms of the employment will not be considered as privileged matter.”
See also Marcuse v. Kramer, 5 Orleans App. 247.
This court is of the opinion that justice will best be served by remanding the case to the trial court for the limited purpose of obtaining the testimony of the Honorable Lucien C. Bertrand, Jr.
For the reasons assigned, the case is remanded for the purpose expressed herein. Costs of this suit to await final determination thereof.
Remanded.